RAGAN–MALONE CO. v. UNITED
STATES.

No. M—377.

Court of Claims.

April 7, 1941.

Charles B. McInnis, of Washington, D. C. (C. Leo DeOrsey, of Washington, D. C., on the brief), for plaintiff.

J. A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

Plaintiff, a corporation, was assessed income and profits taxes for each of the fiscal years ending November 30, 1918, and November 30, 1919.

Of the 1918 tax $98,384.60 was paid in installments during 1919, leaving a balance of $5,930.68, of which balance $1,706.26 was paid September 28, 1926, and $4,224.-42 was paid November 26, 1926.

Of the 1919 tax $44,634.47 was paid in installments during 1920, leaving a balance

of $12,286.37, and this sum, together with a deficiency assessment of $11,270.97, a total of $23,557.34 was paid September 28, 1926. Plaintiff also paid on September 28, 1926, $638.61 as delinquent interest for 1918, and $4,289.18 as delinquent interest for 1919, and paid on November 26, 1926, $1,634.85 as delinquent interest for 1918.

Beginning on December 13, 1926, plaintiff filed seven separate formal claims for refund for 1918, and eight for 1919. Only three of the claims for each of these years relied upon the ground which, as is hereinafter shown, is the only ground for refund asserted in the amended petition upon which this suit is founded, viz., that certain payments to employees should have been allowed to be deducted as compensation for services, and therefore, business expenses. Two such claims, one for each of the two years, were filed on December 13, 1926, and both were rejected by the Commissioner on August 3, 1927. Two such claims, one for each of the two years, were filed on October 11, 1929. The Commissioner treated these two claims as requests for reconsideration of his former rejection of the two claims of December 13, 1926, and closed a rather lengthy letter of April 11, 1930, with the statement "In view of the above facts, it is the opinion of this office that the request for reopening * * * cannot be allowed and the applications are accordingly denied."

On October 10, 1931, plaintiff filed its original petition in this case. In that petition plaintiff recited in paragraph 2 that it had a just claim for refund of $29,488.02 paid by it in 1926 as income taxes for 1918 and 1919. It recited in paragraph 9, that it had, on September 15, 1929, filed a claim for refund of the entire amount, $29,488.-02, paid by it in 1926 for the years 1918 and 1919, on the ground that the assessment and collection of these taxes had been barred by the statute of limitations. It recited in paragraph 11 of the petition that it had, on October 11, 1929, filed the claims for refund, hereinabove mentioned, for the entire sum paid in 1926 for the years 1918 and 1919, on the ground of the refusal to allow as deductions payments made to employees and claimed by plaintiff to be compensation for services.

Paragraph 14 of the original petition is as follows:

"That said sum is erroneously, illegally and wrongfully withheld from the claimant for the reason that, the aforesaid additional tax was wrongfully assessed against the claimant after the expiration of the statutory period of limitation within which such tax could lawfully be assessed; and for the further reason that, the tax paid in the year 1926 as aforesaid, was erroneously, illegally, and wrongfully collected from the claimant subsequent to the expiration of the statutory period of limitation within which such collection lawfully could be made, as provided by Sections 250 (d) of the Revenue Act of 1918 (40 Stat. 1057, 1083, c. 18), 250 (d) of the Revenue Act of 1921 (42 Stat. 227, 265, c. 136) and 277 (a) (2) of the Revenue Act of 1924 (43 Stat. 299, c. 234 [26 U.S.C.A. Int.Rev. Acts, page 59]); and Sections 277 (a) (3) and 1106 (a) of the Revenue Act of 1926 (44 Stat. 58, 113, c. 27 [26 U.S.C.A. Int. Rev.Acts, pages 207, 318]); and for the further reason that, such sum was collected under duress and without due process of law, the latter in violation of Sections 274 (a) and 283 of the Revenue Act of 1926 (44 Stat. 55, 63, c. 27 [26 U.S.C.A. Int.Rev. Acts, pages 203, 216]) and the Fifth (Vth) Amendment to the Constitution of these United States."

Paragraph 15, the closing paragraph, contains formal recitals and a prayer for judgment for $29,488.02.

This court referred the case to a commissioner and a hearing was held in Atlanta, Georgia, October 19–20, 1933. At this hearing much evidence was presented relating to facts bearing on the question of whether the assessment and collection of the taxes paid by plaintiff in 1926 had been barred by the statute of limitations. Plaintiff also offered evidence intended to show that the payments made to employees, disallowed as deductions by the Commissioner of Internal Revenue, were compensation for services. Defendant objected on the ground that this evidence was not relevant to the claim stated in plaintiff's petition. The commissioner of this court ruled for defendant. Plaintiff stated that it intended to amend its petition to cover this issue. Defendant claimed that the petition could not be so amended, since to do so would not be merely amending the petition but stating a new cause of action on which the statute of limitations had run. The commissioner of this court, having no power over the question of amendment, in order to save the expense and inconvenience of a further hearing admitted the proffered evidence conditionally, the evidence to be considered if the amendment was made.

Plaintiff submitted no proposed findings of fact to the commissioner of this court, and did not amend its petition until after the commissioner had, on June 16, 1936, made his report to the court. Thereafter, on April 4, 1938, plaintiff filed its amended petition in which it asserted a claim against the defendant for $8,500, stating that it had filed the claims for refund hereinbefore mentioned of December 13, 1926, October 11, 1929, and September 27, 1930; and recited the action and failure to act of the Commissioner of Internal Revenue thereon.

Paragraph 23 of the amended petition is as follows:

"That said sum is erroneously, illegally and wrongfully withheld from the plaintiff for the reason (A) that the Commissioner erroneously failed, when computing the net income of the plaintiff for each of the taxable years 1918 and 1919, to allow as a deduction, as an ordinary and necessary expense paid or incurred during the respective taxable years in carrying on its trade and business,. the amounts paid pursuant to the employees' stock profit sharing contracts, designated as dividends and bonuses to such employees, representing compensation for personal services actually rendered, which are allowed by paragraph (1) of subdivision (a) of section 234 of the Revenue Act of 1918; and (B) that the Commissioner, when computing the invested capital of plaintiff for the taxable year of 1919, erroneously , reflected an amount for 1918 income and profits tax greater than the correct amount thereof, and contrary to article 845 (a) of Regulations 45."

Defendant demurred to the amended petition, one of its grounds being that the court was without jurisdiction because the amended petition was filed after the statute of limitations had run.

The demurrer was, on November 14, 1938, overruled, and the matter was again referred to the same commissioner of this court who, on April 11, 1940, filed a supplemental report relating to the evidence admitted conditionally at the 1933 hearing, and to the subject of an agreed statement of facts submitted by the parties.

The questions presented in the briefs and arguments of the parties are (1) whether the statute of limitations has run against plaintiff's claim, and (2) whether or not the payments made by the plaintiff to its employees were compensation for services and therefore deductible as business expenses, or were dividends paid to those employees as stockholders.

Our disposition of the first question makes it unnecessary to discuss the second.

■ In our opinion plaintiff did not bring its present suit until it had filed its amended petition on April 4, 1938. Its original petition filed in 1931, while it recited in an intermediate paragraph that claims for refund had been made on the grounds now relied on by plaintiff, was specific, in paragraph 14 which we have recited, in stating the grounds upon which it claimed "that said sum is erroneously, illegally and wrongfully withheld" from the plaintiff. Neither this paragraph nor the petition as a whole contained any general language which could include the ground asserted in the amended petition and now exclusively relied on by plaintiff. See United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633.

The cause of action relied on in the amended petition is in fact a new cause of action, and not a mere particularization of the old. See United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; Lorenzen v. United States, D.C.W.D.Mo., 41 F.2d 369, affirmed 8 Cir., 52 F.2d 106, on the opinion of the trial court. If we should hold that the filing of the original petition here had in effect tolled the statute for the nearly seven years intervening before plaintiff stated the cause of action upon which it now relies, it would encourage just such dilatory conduct as occurred in this case. Here, even after the fact that the original petition did not include this ground of recovery was brought out at the hearing, and plaintiff indicated its purpose to amend the petition, and the commissioner of this court for that reason admitted plaintiff's evidence only conditionally, it waited nearly five years before amending. Indeed, if its contention is correct. it could have waited any number of years, so long as the case was pending on the original petition.

The case of Untermyer v. Bowers, 2 Cir., 79 F.2d 9, is not in point. In that case, the claim that an allowed refund for one year had been applied by the Commissioner of Internal Revenue as a credit on taxes for another year whose taxes were barred by the statute of limitations, was made in the original petition. Plaintiff . neglected to state facts showing that he

had been properly entitled to the credits allowed him. His supplying those facts in his amended petition was an amplification of his original petition, and not the statement of a cause of action arising out of another and different ground.

Plaintiff asserted in its brief in opposition to the defendant's demurrer, however, that even if the amended petition filed in 1938 were treated as an original petition, it was filed in time. It reasoned that because its claims for refund, filed with the Commissioner on September 27, 1930, have never been expressly rejected by the Commissioner, its right to sue continued and will continue until two years after the date of mailing by the Commissioner by registered mail of a notice of such rejection. See Revenue Act of 1932, section 1103 (a) (b), 47 Stat. 169, 286, 26 U.S.C.A. Int.Rev.Acts, page 652; Revenue Act of 1936, section 807 (a) (b), 49 Stat. 1648, 1745, 26 U.S.C.A. Int.Rev.Acts, page 958. Counsel for the defendant concede in their brief in support of defendant's demurrer that this would be the result "if, as alleged, refund claims were filed on September 27, 1930, and were still pending unrejected in the Bureau of Internal Revenue when that petition [the 1938 petition] was filed." Counsel for defendant then urge that the documents filed on September 27, 1930, were not "refund claims" because they were mere repetitions of the claims which had been filed in 1926 and rejected in 1927, and as to which an application to reconsider had been made and disallowed in 1929.

We agree with the defendant that the 1930 claims were not effective legal claims for refund and therefore were without legal significance. A taxpayer cannot keep his claim fresh indefinitely merely by repeating it. B. Altman & Co. v. United States, 40 F.2d 781, 69 Ct.Cl. 721. See also Sugar Land Ry. v. United States, 48 F. 2d 973, 71 Ct.Cl. 628; Hills, Executrix, v. United States, 50 F.2d 302, 55 F.2d 1001, 73 Ct.Cl. 128; Pacific Mills v. Nichols, Ct. Cl., 4 F.Supp. 738. The case of Jones et al. v. United States, 5 F.Supp. 146, 78 Ct. Cl. 549, does not establish a different doctrine. The Court there said (5 F.Supp. page 152, 78 Ct.Cl. pages 560, 561):

"These cases announce the rule that when the Commissioner, upon application made by a taxpayer within the time in which suit could be instituted on a disallowed claim, enters into a reconsideration of the merits of the claim and later makes a decision thereon rejecting the claim, or adheres to his former decision rejecting it, his decision for the purpose of the statute of limitations is in abeyance until he has reached and announced his final decision, and the taxpayer, under section 3226 of the Revised Statutes, as amended (26 U.S.C.A. § 156), has two years thereafter in which to institute suit. Whether there has been reconsideration on the merits is a conclusion to be drawn from the acts of the Commissioner in response to the application for reconsideration. There must be an actual reconsideration of the case, and the final decision must be upon the merits of the claim."

In this case there is no evidence that the Commissioner entered into a reconsideration of the case following the filing by the plaintiff of the documents of 1930. We, therefore, do not think that a claim for refund, as contemplated by the statute, stood unrejected after 1930. The provisions of section 1103 (b) of the Revenue Act of 1932[1] make section 3226 of the Revised Statutes as it was before it was amended in 1932 the applicable statute. It provided that

"No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid

---

[1] "Suits or proceedings instituted before the date of the enactment of this Act shall not be affected by the amendment made by subsection (a) of this section to section 3226 of the Revised Statutes. In the case of suits or proceedings instituted on or after the date of the enactment of this Act where the part of the claim to which such suit or proceeding relates was disallowed before the date of the enactment of this Act, the statute of limitations shall be the same as provided by such section 3226 before its amendment by subsection (a) of this section."

under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail." Revenue Act of 1924, § 1014, 43 Stat. 253, 343, 26 U.S.C.A. Int.Rev. Acts, page 128.

Plaintiff's amended petition, filed in 1938, being regarded as an original suit, is too late. It is eleven years after payment; where only five years are permitted; and nine years after rejection, when only two years are permitted.

Other questions raised in the briefs and argument we do not consider, since their resolution would not affect the result. We conclude, therefore, that the plaintiff's petition must be dismissed. It is so ordered.