## FAJARDO SUGAR GROWERS ASS'N v. UNITED STATES.

District Court, S. D. New York.
Feb. 26, 1948.

Irving Jay Greenspan, of New York City (Isidor Enselman, of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (Keith Brown and Orest V. Maresca, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

COXE, District Judge.

This action was brought to recover excise taxes alleged to have been illegally assessed against plaintiff under the Sugar Act of 1937, 7 U.S.C.A., §§ 1100–1183. Defendant moves, before answer, for an order granting summary judgment in its favor, or, in the alternative, dismissing the complaint, upon the ground of lack of jurisdiction over the subject matter inasmuch as plaintiff's second claim for refund is a duplicate of its prior claim, suit upon which is barred by limitation. 26 U.S.C.A.Int. Rev.Code, § 3772(a) (2).

Plaintiff paid the assessments complained of, amounting, with interest, to $37,134.95, on several different dates between December 2, 1939 and April 1, 1940. Four separate claims for refund were filed on January 20, February 15, March 14 and April 24, 1940, and were identical except as to amounts. They were rejected on the merits by the Commissioner on March 4, 5 and 25 and May 10, 1940, respectively, by letters which were also identical, except that each letter related to one of the four claims. On November 17, 1943 plaintiff filed a second claim for the refund of the entire amount of $37,134.95. This claim was rejected by the Commissioner on January 20, 1944 on the grounds that it was a duplicate of the prior claim, and, as suit had not been brought within two years after their rejection, he was without authority to give further consideration to the claim. This action was begun on January 8, 1946, within two years after this last rejection.

The defendant contends that, inasmuch as the 1943 claim was a duplicate of the prior claim, the time within which any suit might be brought expired, under § 3772(a) (2), at the latest, on May 10, 1942, two years after the date of mailing of the notice of rejection of the last of the four claims filed in 1940. Plaintiff insists that the time did not expire until January 20, 1946, two years after the mailing of the notice of rejection of the 1943 claim.

■ Neither the statutes nor the regulations place any limit upon the number of claims for refund which may be filed within the statutory period of four years. 26 U.S.C.A.Int.Rev.Code, § 3313. It has been held that a second claim may be filed setting up new facts, or new grounds for relief, or correcting a defective claim, or furnishing further proofs of the original claim, or covering items not passed upon in considering the original claim. 18th Street Leader Stores, Inc. v. United States, 7 Cir., 142 F.2d 113, 115, certiorari denied 323 U.S. 725, 65 S.Ct. 61, 89 L.Ed. 583; Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, 106; Hills v. United States, 50 F.2d 302, 304, 73 Ct.Cl. 128. See also Untermyer v. Bowers, 2 Cir., 79 F.2d 9, 10, 11.

■ But it has also been held that the filing of a second claim based cn the same grounds, or one of the grounds, covered by the first claim, and already disallowed, will not operate to allow suit to be brought within two years after the rejection of the second claim; suit must still be brought within two years after the rejection of the first claim. Einson-Freeman Co. v. Corwin, 2 Cir., 112 F.2d 683, 684, certiorari denied 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 449; B. Altman & Co. v. United States, 40 F.2d 781, 784, 69 Ct.Cl. 721; 18th Street Leader Stores, Inc. v. United States, supra.

■ If the 1943 claim was merely a duplicate of the 1940 claims, as the Commissioner held, this action must be dismissed, not having been begun within two years after the rejection of the prior claims.

■ Plaintiff argues that the 1943 claim was not a duplicate of the 1940 claims because it relies on new facts and new grounds for relief not contained in the 1940 claims. The 1943 claim refers to detailed schedules prepared by plaintiff's attorney and accountant, showing the disposition of plaintiff's sugar inventory on hand on September 1, 1937, the effective date of the Act, and states that these schedules are "to be submitted". No such schedules were submitted with the 1940 claims. But I am unable to say from the papers on this motion whether these schedules were actually submitted to the Department. They were not included in the certified copy of the claim forming part of the defendant's moving papers, although plaintiff's attorney states in an affidavit that they were filed. The 1943 claim is very inartificially drawn. It contains mostly conclusions and opinions, and very few facts, and it might well be held to be insufficient, if the schedules were not a part of it—a question which I do not pass upon. Whether or not they were actually submitted to the Department is an important and disputed question of fact. Defendant's motion is, therefore, denied, and the case should be tried.