**HARVARD TRUST COMPANY, Executor under will of Basil G. Anifantis, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 66-364.

United States District Court
D. Massachusetts.

Jan. 23, 1967.

James Charles Roy, Boston, Mass., for plaintiff.

Paul F. Markham, U. S. Atty., Joseph A. Lena, Asst. U. S. Atty., Boston, Mass., Peter J. Ciano, U. S. Dept. of Justice, Washington, D. C., for defendant.

OPINION

CAFFREY, District Judge.

This matter came before the Court upon defendant's motion for summary judgment. By agreement of counsel it was submitted to the Court upon the basis of written briefs without oral argument. The following facts appear from the complaint and answer, from a certified copy of the will of Basil G. Anifantis appended to the motion for summary judgment, and from defendant's requests for admission under Rule 36, which stand admitted by reason of plaintiff's failure to deny them or to respond to them in any way within the period allowed by the Rules for a response.

Basil G. Anifantis, of Belmont, Massachusetts, died testate on May 21, 1957. Plaintiff Harvard Trust Company qualified as Executor under the will on July 10, 1957, in Middlesex Probate Court. An estate tax preliminary notice, Form 704, was filed on September 10, 1957, and an estate tax return, Form 706, was filed on August 13, 1958, together with a payment of $68,191.28. Testator's gross estate was valued at $424,325. Deductions in the amount of $92,063.62 were claimed, as well as a specific exemption of $60,000. The subtraction of the total of these two sums left a net taxable estate of $272,261.38, upon the basis of which the tax of $68,191.28 was computed and paid.

The Middlesex Probate Court awarded a single lump sum payment in the amount

of $20,000 as a widow's allowance, under the provisions of Mass.G.L. c. 196, sec. 2, to testator's widow, on November 20, 1957. The $20,000 lump sum payment constituted a part of the $92,063.62 deduction claimed by plaintiff.

Upon audit by defendant the only adjustment made in the tax return as filed which is material to this case was the disallowance of this $20,000 payment made to testator's widow. This resulted in the assessment of a deficiency in the amount of $4,299.32 plus interest of $494.42 on August 26, 1960. This additional assessment was paid by plaintiff to defendant in the amount of $4,793.74 on September 2, 1960.

In January 1961, plaintiff filed a claim for refund in the amount of $5,760, plus interest. In support of its claim for refund plaintiff recited the following:

"It is the position of the Executor that the widows allowance being a single lump sum payment awarded to a widow under the decree of a Probate Court dated March 20, 1957, pursuant to Massachusetts law, in the amount of $20,000 qualifies for the marital deduction in the computation of the Federal Estate Tax.

| | |
|---|---|
| Tax paid original 706 filed | $68,191.28 |
| Tax paid deficiency assessment | 4,299.32 |
| Total tax paid | $72,490.60 |
| Less: tax due a/c widows allowance qualifying for marital deduction | $66,730.60 |
| Refund due: | $ 5,760.00" |

Defendant notified plaintiff by registered mail on May 19, 1961 that the claim for refund had been disallowed in full.

On September 4, 1962, plaintiff filed a second claim for refund in the same amount. Defendant notified plaintiff that this second claim for refund was disallowed in full on January 26, 1966. The instant case was filed on June 21, 1966, seeking recovery of $5,760.00 plus interest. In its brief, filed January 3, 1967, plaintiff reduced the amount of its claim to $4,793.74, the amount actually paid to defendant on September 2, 1960.

The motion for summary judgment rests on two grounds, (1) that plaintiff failed to begin this action within the applicable two year period of limitation established by 26 U.S.C.A. § 6532(a) (1), and (2) that an allowance to a widow pursuant to the provisions of Mass.G.L. c. 196, sec. 2, does not as a matter of law qualify for the marital deduction.

Section 6532, Internal Revenue Code of 1954, provides in pertinent part as follows:

"(a) (1) General rule.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

\* \* \* \* \* \*

"(a) (4) Reconsideration after mailing of notice.—Any consideration, reconsideration, or action by the Secretary or his delegate with respect to such claim following the mailing of a

notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun."

■ It has been held that if a claimant fails to commence his action in court within the two year period of limitation commencing with the disallowance of his claim, the court lacks jurisdiction to entertain the action. Tolerton & Warfield Company v. United States, 285 F.2d 124 (Ct.Cl.1961); Garrett v. United States, 120 F.Supp. 193, 128 Ct.Cl. 100 (1954). On the record of this case the statute of limitations on plaintiff's commencing suit in this court expired on May 19, 1963, two years after the disallowance of its first claim for refund. This action was not filed until slightly over five years from May 19, 1961, the date of disallowance of plaintiff's claim. Consequently, this action is barred by the two year statute of limitations.

■ Plaintiff seeks to obviate this result by pointing out that a second claim for refund, filed on September 4, 1962, was not disallowed by defendant until January 26, 1966. This contention must fail because the law is well settled that a party cannot extend the statutory period for the filing of suit, i. e., cannot unilaterally extend the waiver of sovereign immunity contained in the statute allowing bringing of suit for a period of two years by indulging in self-help in the form of later filing a second claim on substantially the same grounds as the first. 18th St. Leader Stores, Inc. v. United States, 142 F.2d 113 (7th Cir. 1944), cert. denied 323 U.S. 725, 65 S.Ct. 61, 89 L.Ed. 583; Fajardo Sugar Growers Ass'n v. United States, 76 F.Supp. 377 (S.D.N.Y. 1948); Ragan-Malone Company v. United States, 38 F.Supp. 290, 93 Ct.Cl. 316 (1941); Einson-Freeman Company v. Corwin, 112 F.2d 683 (2nd Cir. 1940), cert. denied 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 449. It is clear that the second claim, which is appended to plaintiff's complaint, is in substantially the same language and on substantially the same grounds as the first claim which was disallowed by defendant.

In view of the fact that this court lacks jurisdiction, no purpose is to be served by an extended discussion of defendant's second ground for its motion for summary judgment, which would appear to be a second valid basis for dismissal of the action, in view of the non-acquiescence by the Commissioner (1964–2 Cum.Bull. 9) in the decision of the Tax Court in Estate of Rudnick v. Commissioner, 36 T.C. 1021 (1961), and more significantly in light of the opinion of the Supreme Court in Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L. Ed.2d 871 (1964).

Motion for summary judgment is allowed.

Judgment for defendant