George JONES, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 91–1392T.

United States Claims Court.

June 24, 1992.*

George Jones, pro se.

Elizabeth D. DePriest, with whom was Asst. Atty. Gen. Shirley D. Peterson, Washington, D.C., for defendant.

## ORDER

Plaintiff, George Jones, appearing *pro se*, seeks a tax refund totaling $21,562.36 for tax years 1977, 1978, and 1979. Pursuant to Rule 12(b)(1) of the Rules of the United States Claims Court, defendant has moved to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth below, defendant is correct and the court grants defendant's motion to dismiss.

Frequently, Congress drafts into law specific time limitations that control a person's right to bring suit against the United States to recover money. Under these laws, often referred to as statutes of limitations, if an individual does not bring suit within the time period specified by the law, he or she cannot secure the money sought, even if he or she otherwise had a right under the laws to obtain the money. One such statute of limitations is 26 U.S.C. § 6532, which controls a taxpayer's ability to secure a tax refund from the Internal Revenue Service.

Section 6532 states that "[n]o suit or proceeding ... for the recovery of any internal revenue tax, penalty, or other sum,

---

* This order originally was not issued for publication. The court received a written request from defendant that the order be published. Accord- ingly, this order is reissued as of July 17, 1992, and is available for publication.

shall be begun ... after the expiration of 2 years from the date of mailing ... to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." Therefore, under Section 6532, a taxpayer must bring his or her suit on a disallowed refund claim within two years from the mailing date of the notice of the disallowance.

■ Here, plaintiff had received a deficiency notice covering the tax years in issue, signed a form in which he accepted the assessment of additional taxes and penalties, and subsequently paid the amounts due. Thereafter, plaintiff filed claims for refund for the tax years in issue, but the IRS disallowed plaintiff's refund claims. In notices dated February 24, 1989 (disallowing plaintiff's claims for tax years 1978 and 1979) and March 3, 1989 (disallowing claims for tax year 1977), the IRS stated:

This letter is your legal notice that your claim is fully disallowed.

If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter.

Hence, the IRS effectively informed plaintiff that the periods during which he could bring suit relating to these disallowed claims expired on February 24, 1991, for the 1978 and 1979 claims, and on March 3, 1991, for the 1977 claim. But plaintiff failed to file his suit in a timely manner. Instead, plaintiff filed the instant action on August 28, 1991, more than five months after the expiration of the final period for bringing suit.

■ Plaintiff apparently contends that the pertinent statute of limitations did not yet expire because plaintiff filed a second set of claims for refund on October 30, 1989, which the IRS has not yet formally disallowed. But plaintiff's second set of claims are identical to his first set in all material respects and, therefore, in effect, ask for reconsideration of the IRS's denial of the first set of claims. But a request for such reconsideration does not affect the running of the statute of limitations. 26 U.S.C. § 6532(a)(4) provides that "[a]ny consideration, reconsideration, or action by the [IRS] with respect to [a disallowed] claim following the mailing of a notice ... shall not operate to extend the period within which suit may be begun."

Consistent therewith, the courts have held that a second claim for refund that presents grounds identical to those presented in a previous claim does not extend the two-year limitations period for bringing suit. *See, e.g., Ragan–Malone Co. v. United States,* 93 Ct.Cl. 316, 38 F.Supp. 290 (1941); *Huettl v. United States,* 675 F.2d 239, 242 (9th Cir.1982) ("Because taxpayers' ... first and second claims were identical, the limitations period of [Section] 6532(a)(1) began to run for the instant action on the date of the mailing of a notice of the disallowance of taxpayers' first claim"); *Kelson v. United States,* 503 F.2d 1291, 1293 (10th Cir.1974) ("The taxpayer's cause of action ... accrued when the notice of disallowance was mailed and may not be extended or interrupted by the filing of a second claim reasserting the first"). Indeed, to hold otherwise would render the statute of limitations a nullity because a taxpayer could always avoid a statute of limitations by refiling claims identical to those that previously had been denied. *See, e.g., Ragan–Malone Co.,* 93 Ct.Cl. 316, 38 F.Supp. 290; *Kelson v. United States,* 503 F.2d at 1293, *quoting* Mertens, *Law of Federal Income Taxation* § 58.23 at 74 (1970) ("[T]he taxpayer may not keep his claim 'fresh indefinitely' by merely reasserting it").

■ In his complaint, plaintiff contends that his ex-wife's signature on the form accepting the deficiency assessment was forged and, therefore, that the original statutory requirements for a notice of deficiency were not satisfied. But the circumstances prior to plaintiff's payment of the assessment and his request for a refund, while possibly relevant to the underlying merits of plaintiff's claim, are not relevant to the applicability of the statute of limita-

tions bar in Section 6532. The sole pertinent issue in applying Section 6532 is whether the instant suit was filed "after the expiration of 2 years from the date of mailing ... to the taxpayer of a notice of the disallowance of the part of the claim to which the suit ... relates." The IRS mailed a notice to plaintiff more than two years before plaintiff filed the instant action. Hence, plaintiff's suit is barred.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is directed to dismiss the complaint for lack of subject matter jurisdiction. No costs.

IT IS SO ORDERED.