988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George JONES, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5152.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1993.
 
 26 Cl.Ct. 424.
 AFFIRMED.
 Before PLAGER, CLEVENGER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Jones appeals from the judgment of the United States Claims Court* dismissing his complaint for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Additional taxes and tax penalties were assessed by the Internal Revenue Service (IRS) against Mr. and Mrs. Jones (taxpayers) on May 4, 1987 for tax years 1978 and 1979, and on May 25, 1987 for tax year 1977. The taxpayers had previously consented to these assessments and paid them in full. On October 5, 1988, Mr. Jones filed a first set of claims with the IRS for partial refunds of the assessments for each of the tax years in issue.
 
 
 3
 The IRS formally disallowed Mr. Jones' 1978 and 1979 tax refund claims by separate certified letters, both of which were dated February 24, 1989. The IRS also disallowed Mr. Jones' refund claim for tax year 1977 by certified letter dated March 3, 1989. All three letters informed Mr. Jones of the two-year statute of limitations from the mailing date of each letter in which to file suit regarding the disallowed claims. 26 U.S.C. § 6532(a)(1) (1988).
 
 
 4
 On October 30, 1989, Mr. Jones filed a second set of claims for refund of the assessments which were identical in all material respects to the first set filed on October 5, 1988. The IRS did not respond to this second set of claims until after Mr. Jones filed the present suit with the United States Claims Court on August 28, 1991.
 
 
 5
 Because Mr. Jones' present suit was instituted in the Claims Court more than two years after the respective mailing dates of each disallowance letter, the Claims Court granted the United States' motion to dismiss the complaint for lack of subject matter jurisdiction, holding that the complaint was time-barred by the two-year statute of limitations. Mr. Jones timely appealed to this court.
 
 
 6
 Because Mr. Jones can demonstrate no error in the clear, concise, and well reasoned opinion of the Honorable Roger B. Andewelt, we affirm the judgment below on the basis of the judge's opinion.
 
 
 
 *
 The United States Claims Court is now known as the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, ----