**Cynthia D. DOYLE, a/k/a Cynthia D. Doyle–Avrigian, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 09–6 T.**

United States Court of Federal Claims.

Aug. 6, 2009.

---

Cynthia D. Doyle, a/k/a Cynthia D. Doyle–Avrigian, Fort Washington, PA, pro se.

Jeffrey Robert Malo, Attorney of Record, R.H. Bowles, Trial Attorney, G. Robson Stewart, Assistant Chief, Steven Frahm, Chief, Court of Federal Claims Section, John DiCicco, Acting Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C., for defendant.

## *OPINION AND ORDER*

GEORGE W. MILLER, Judge.

On January 5, 2009, plaintiff Cynthia D. Doyle, appearing *pro se,* filed her Complaint (docket entry 1) ("Compl.") seeking a credit or offset from the Internal Revenue Service ("IRS") for overpayment of federal taxes for the 2002 taxable year. Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") or, in the alternative, for failure to state a claim upon which relief can be granted under RCFC 12(b)(6) (docket entry 6, May 6, 2009) ("Def.'s Mot."). Plaintiff filed her response (docket entry 7) ("Pl.'s Resp.") on June 3 and defendant submitted its reply brief in support of its motion on June 22, 2009 (docket entry 9) ("Def.'s Reply Br."). For the reasons set forth in this opinion, the Court has concluded that plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

## BACKGROUND[1]

Plaintiff Cynthia D. Doyle alleges she is due a credit or offset from the IRS for an overpayment of federal taxes for the 2002 taxable year.[2] Defendant acknowledges plaintiff overpaid her 2002 taxes, but argues that because plaintiff did not timely file her 2002 Individual Income Tax Return ("2002 Tax Return"), a claim for credit based on any overpayment for that year is time-barred. Def.'s Mot. 3–5.

The IRS first notified plaintiff that it did not have a record of her 2002 Tax Return by letter on October 23, 2006. Compl. ¶¶ 2, 5. In response, plaintiff spoke with an IRS agent who "suggested [she] make copies of [her] returns and send them right in." *Id.* at ¶ 3. The IRS received plaintiff's 2002 Tax Return on October 30, 2006. Def.'s Mot. at 2; Def.'s Ex. A at 1, 2 (plaintiff's 2002 Tax Return signed and dated October 23, 2006 by plaintiff and stamped by the IRS with a received date of October 30, 2006).

The 2002 Tax Return plaintiff submitted showed that plaintiff overpaid her 2002 taxes by $12,785.02. Def.'s Ex. A at 2. Specifically, the 2002 Tax Return reveals that plaintiff had an assessed liability in the amount of $6,607.00, an available credit due to an overpayment from 2001 in the amount of $9,392.02,[3] and that plaintiff made a $10,000.00 payment toward her 2002 taxes when she requested an extension of time to file her return. Def.'s Mot. at 4; Def.'s Ex. A at 2. In her 2002 Tax Return, plaintiff marked the line requesting that the 2002 overpayment be applied to her 2003 taxes. Def.'s Ex. A at 2, lines 70, 72.

Plaintiff claims that the 2002 Tax Return she submitted on October 23, 2006 was a duplicate of the original 2002 Tax Return she had previously mailed to the IRS "in a timely fashion." Compl. ¶ 47. Plaintiff believed the IRS received her original 2002 Tax Return and request to apply the 2002 credit to 2003. Pl.'s Resp. ¶ 13 ("Plaintiff was to assume that her return was received. Why would Plaintiff assume otherwise?"). Therefore, plaintiff relied on the availability of the 2002 credit, and reduced the amount in payments she estimated were due for tax years subsequent to 2002.

Defendant contends that the IRS did not receive plaintiff's 2002 Tax Return before October 30, 2006. Def.'s Mot. at 2. To support its position, defendant points to the IRS's Certificate of Assessments, Payments and other Specified Matters ("IRS Certificate") which demonstrates that although plaintiff was granted a four-month extension of time to file her 2002 Tax Return until August 15, 2003, the IRS had no record of plaintiff's 2002 Tax Return as of October 11, 2006. *Id.;* Def.'s Ex. B (IRS Certificate) at 2. Because the IRS did not receive plaintiff's 2002 Tax Return and request to apply her credit to the 2003 tax year until October 30, 2006, the IRS did not apply plaintiff's 2002 credit to the 2003 taxable year.

The failure of the 2002 credit to roll over to the 2003 tax year reduced the amount of credit carrying over from 2003 to 2004 and appears to have ultimately culminated in a deficiency for the 2005 taxable year.[4] *See*

---

1. The Court derives the facts in this section from the complaint and the accompanying exhibits ("Compl. Ex."), along with defendant's motion to dismiss and the exhibits appended thereto ("Def.'s Ex."). The Court has assigned sequential numbers to the unnumbered exhibits attached to plaintiff's complaint, from one to twelve, for ease of reference.

2. At the heart of plaintiff's complaint is the disallowed credit for the 2002 taxable year in the amount of $12,785.02 and any interest and penalties accrued as a result. It is not clear to the Court whether plaintiff intends to assert overpayments or credits for any additional tax years, and the Court does not rule on any such claims. Due to the strict limitations governing tax refund claims, the Court encourages plaintiff to obtain

the assistance of counsel to determine whether plaintiff has any viable refund claims with respect to tax years subsequent to 2002.

3. By letter dated January 3, 2007, the IRS notified plaintiff that this amount was reduced from $9,899.00 to reflect the amount of credit actually applied from the overpayment in 2001. Compl. Ex. 2. Plaintiff does not appear to dispute the accuracy of this adjustment, as the numbers on the 2002 Tax Return she mailed to the IRS on October 23, 2006 had been adjusted accordingly.

4. According to plaintiff, the 2002 credit of $12,785.02 was to be applied to the 2003 year. Compl. Ex. 7. In the 2003 tax year, plaintiff calculates that due to the 2002 credit and an additional payment she made in the amount of

Compl. ¶ 14; *see also* Pl.'s Resp. ¶ 12 ("The lack of application in 2002 resulted in an under payment that did not appear because of substantial carryovers until my 2005 return was filed."). When the IRS notified plaintiff on January 23, 2007 that the overpayment in 2002 had not been applied to 2003, plaintiff requested that an IRS agent apply the "unused" 2002 credit to 2005. Compl. ¶ 16 ("I said that the other years had been paid in full so they should apply [the credit] to 2005."). The IRS agent referred plaintiff to a taxpayer advocate who explained to plaintiff that the overpayment in 2002 could not be applied to subsequent years because any claim for credits or offsets based on that overpayment was time-barred. *See* Compl. ¶¶ 17, 24.

Plaintiff administratively appealed the disallowance of her claim based on the 2002 tax year.[5] During this time, plaintiff was trying to "understand what the IRS ha[d] done," but was incurring penalty fees and levies for unpaid liabilities for the 2005 tax year. *See* Compl. ¶¶ 27, 36, 39, Prayer for Relief. On November 1, 2008, Appeals Officer Paula Stanton denied plaintiff's appeal and explained to plaintiff in detail why any claim based on an overpayment in the 2002 tax year was time-barred. *Id.* at ¶ 46; Def.'s Ex. C (Letter Denying Appeal). Ms. Stanton further informed plaintiff of her right to file suit and the time limitations for doing so. Def.'s Ex. C.

## DISCUSSION

### A. Subject Matter Jurisdiction

 Whether the court has subject matter jurisdiction is a threshold matter that "'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). Plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir.1988). As a general matter, the Court holds the pleadings of a *pro se* litigant to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499 (2004), *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004). The court may look to evidence outside of the pleadings to determine the existence of subject matter jurisdiction. *Land v. Dollar,* 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Reynolds,* 846 F.2d at 747. If the court finds that it lacks subject matter jurisdiction, RCFC 12(h)(3) requires the court to dismiss the claim.

### B. Failure to State a Claim

 For the purpose of a motion to dismiss, the court assumes well-pled "factual allegations in the complaint to be true and draw[s] all reasonable inferences in the plaintiff's favor." *Leider v. United States,* 301

---

$25,000.00, she overpaid her 2003 taxes by $14,119.00. *Id.* In the 2004 tax year, plaintiff claims that due to the 2003 overpayment and an additional payment she made of $50,000.00, she overpaid her 2004 taxes by $29,944.00 which was to be applied to 2005. *Id.* at 8. She concludes that "[a]ccording to [her] calculation in 2007 [the IRS] reduced the money [she] thought had been applied to 2005 by $13658.00." *Id.* The record confirms that the 2002 credit was not applied to the 2003 tax year and shows that plaintiff overpaid her 2003 taxes by $366.00 which was refunded to her. *Id.* at 3; Compl. ¶ 15. Although the record does not entirely explain the happenings of later years, it is evident that plaintiff's 2005 taxes were not paid in full. *See* Compl. ¶ 7 (letter from IRS dated December

11, 2006 stating that plaintiff underpaid her 2005 taxes by $14,864.88); *see also* Compl. Ex. 11 (letter from IRS dated December 17, 2007 notifying plaintiff that her overpayment for the 2006 tax year in the amount of $2,445.03 was applied to the unpaid balance in the 2005 tax year and that the remaining balance for 2005 was $16,902.65).

5. Plaintiff claims she first filed an appeal of the disallowance on July 25, 2007, but that the IRS "lost [her] Appeal." Compl. ¶¶ 25, 47. Because an IRS representative "could find no record of [her] Appeal," plaintiff sent the representative a copy of the appeal on August 3, 2008. *Id.* at ¶ 44.

F.3d 1290, 1295 (Fed.Cir.2002). In *pro se* cases, courts have traditionally "strained [their] proper role in adversary proceedings to the limit, searching ... to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969). Acting *pro se* in the drafting of the complaint "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995). Plaintiff's factual allegations need not be detailed, but they "must be enough to raise a right to relief above the speculative level" on the assumption that all the allegations in the complaint are true. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, "a plaintiff must plead factual allegations that support a facially plausible claim to relief in order to avoid dismissal for failure to state a claim." *Cambridge v. United States,* 558 F.3d 1331, 1335 (Fed.Cir.2009) (citations omitted); *accord Ashcroft v. Iqbal,* ── U.S. ──, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### C. Tax Refund Suits

█ It is undisputed that the Court of Federal Claims possesses the authority to adjudicate tax refund claims. *Gluck v. United States,* 84 Fed.Cl. 609, 612 (2008). "A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government ... in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Mining Co.,* ── U.S. ──, 128 S.Ct. 1511, 1514, 170 L.Ed.2d 392 (2008); *accord* 28 U.S.C. § 1346(a) ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal

Claims of ... (1) Any civil action against the United States for the recovery of any internal-revenue tax...."). However, the ability of the Court of Federal Claims to assert jurisdiction over tax refund suits is limited to those situations in which the taxpayer has complied with the tax refund procedures established in the Internal Revenue Code. *See Clintwood Elkhorn,* 128 S.Ct. at 1514. Specifically, 26 U.S.C. § 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

█ In order to be "duly filed," a taxpayer must file an administrative claim for refund or credit within the time limitations of 26 U.S.C. § 6511(a). *See United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (stating that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a) a suit for refund ... may not be maintained in any court"). Section 6511(a) provides that in order to receive a refund or credit "of an overpayment of any tax imposed," a taxpayer must file an administrative claim with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever period is later.[6]

---

6. In addition to the requirement that a taxpayer timely file an administrative claim, a taxpayer must further meet the requirements of 26 U.S.C. § 6532 before a federal court may assert jurisdiction over the taxpayer's claim. Section 6532(a)(1) states: "No suit or proceeding under section 7422(a) ... shall be begun ... after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance" of the claim. *See Jones v. United States,* No. 92-5152, 1993 WL 6739, at *1 (Fed.Cir.1993) (affirming dismissal of taxpayer's refund claim for lack of subject matter jurisdiction because tax-

payer failed to file suit within two years after the IRS mailed taxpayer notice disallowing his claim). Because plaintiff filed suit in this court on January 5, 2009, plaintiff has not demonstrated she meets these requirements. *See* Def.'s Ex. C (Letter Denying Appeal) (advising plaintiff if she files suit in federal court, she must do so within two years from the date of the letter denying her claim mailed on January 3, 2007). Because the court finds it lacks jurisdiction over plaintiff's claim on other grounds, *see infra* at Part C(4), it need not consider the import of plaintiff's failure *vel non* to comply with § 6532(a)(1).

### 1. *Filing Date of Plaintiff's 2002 Tax Return*

Plaintiff alleges the 2002 Tax Return she mailed on October 23, 2006 was a duplicate of the original. Compl. ¶ 3. Although plaintiff does not specifically allege the date she mailed her original 2002 Tax Return, she states that she mailed it "in a timely fashion" and that she assumed it was received by the IRS because "it was not returned via U.S. mail." Compl. ¶ 47; Pl.'s Resp. ¶ 13. Because plaintiff received a four-month extension of time to file her 2002 Tax Return, *see* Def.'s Ex. B at 2, it is presumed plaintiff alleges she mailed the original 2002 Tax Return to the IRS sometime prior to its due date of August 15, 2003.[7] Defendant argues that plaintiff's assertion that she timely mailed her original 2002 Tax Return cannot form the basis of a legally cognizable tax refund claim because plaintiff has not taken advantage of the statutory provisions intended to avoid delivery disputes that are set forth in 26 U.S.C. § 7502(c). Def.'s Mot. at 7 & n. 7; Def.'s Reply Br. at 6–7 & n. 9.

 The "general rule is that to be properly filed, a claim for refund must be physically delivered to and received by the IRS." *Davis v. United States*, No. 99–5073, 2000 WL 194111, at *2 (Fed.Cir.2000) (citations omitted). There are two statutory exceptions stated in 26 U.S.C. § 7502(a)(1) and § 7502(c). The exception applicable in this case is found in § 7502(c).[8] It provides:

**7.** *See* 26 U.S.C. § 6072 ("[R]eturns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year. . . .").

**8.** Section 7502(a)(1) addresses when a document is received by the IRS after the filing deadline. In such cases, the postmark stamped on the document is deemed to be the date of delivery. This exception does not apply to plaintiff's claim of allegedly mailing an original 2002 Tax Return that was never received by the IRS because this exception presupposes a mailing to be evidenced by a delivery. *Phila. Marine Trade Ass'n–Int'l Longshoremen's Ass'n Pension Fund v. Comm'r of I.R.S.*, 523 F.3d 140, 148 (3d Cir.2008) (noting that § 7502(a)(1) relieves a taxpayer from the physical delivery requirement when the taxpayer postmarks the document before the filing deadline but the IRS *actually receives that document* after the deadline).

**(c) Registered and certified mailing; electronic filing**

**(1) Registered mail**

For purposes of this section, if any return, claim, statement, or other document, or payment, is sent by United States registered mail—

(A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed; and

(B) the date of registration shall be deemed the postmark date.

**(2) Certified mail; electronic filing**

The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail and electronic filing.

 There is a split in the federal circuits over whether this section provides the exclusive means for demonstrating that a tax return was delivered.[9] *Davis v. United States*, No. 99–5073, 2000 WL 194111, at *2 (Fed. Cir.2000). However, absent being eligible for an exception under § 7502, a taxpayer's own uncorroborated testimony to show timely mailing is not enough to establish a presumption of delivery under any view of the law. *Id.* at *3.

 In this case, plaintiff does not allege she used either registered or certified mail

**9.** Some circuits have taken the position that the only exceptions to the physical delivery rule are the two set forth in § 7502. *See, e.g., Miller v. United States*, 784 F.2d 728 (6th Cir.1986); *Deutsch v. Comm'r*, 599 F.2d 44 (2d Cir.1979). Other circuits have adopted the view that even if a taxpayer cannot avail himself of the two exceptions in § 7502, he still may be able to establish timely delivery through circumstantial evidence. *See, e.g., Anderson v. United States*, 966 F.2d 487 (9th Cir.1992); *Estate of Wood v. Comm'r*, 909 F.2d 1155 (8th Cir.1990). In these latter circuits, the "courts have viewed the issue as an evidentiary matter, holding a taxpayer to a strict standard of proof before invoking a presumption of receipt." *Sorrentino v. IRS*, 383 F.3d 1187, 1191 (10th Cir.2004).

when she sent her original 2002 Tax Return. *See, e.g.,* Compl. at ¶ 47 ("I have never sent tax returns certified mail...."). Absent proof of such mailing, plaintiff is ineligible for the § 7502(c) exception to the physical delivery rule. Further, this Court need not choose between the approaches that divide the circuits because plaintiff's assertion that she mailed her 2002 Tax Return "in a timely fashion," Compl. ¶ 47, would be insufficient to establish a presumption of delivery even if plaintiff were given the benefit of the more liberal approach. *See Davis,* 2000 WL 194111, at *3. Plaintiff's admission that she possesses no circumstantial evidence beyond her own testimony that she in fact mailed her return further supports this conclusion. *See, e.g.,* Pl.'s Resp. ¶ 13 ("Plaintiff feels that her burden of proof has been adequately satisfied. She filed her return in a timely fashion and it was not returned via U.S. mail."); Pl.'s Resp. ¶ 16 ("Plaintiff is at a loss to identify any proof that the IRS did not in fact misplace or loose [sic] plaintiff's return.") (citations omitted). In view of the fact that plaintiff cannot establish that she timely mailed an original 2002 Tax Return, the physical delivery rule dictates that plaintiff's 2002 Tax Return was deemed filed when it was received by the IRS on October 30, 2006.

### 2. *Filing Date of Plaintiff's Claim*

■ "A properly executed ... income tax return ... shall constitute a claim for refund or credit within the meaning of section ... 6511 for the amount of the overpayment disclosed by such return.... For purposes of section 6511, such claim shall be considered as filed on the date on which such return ... is considered as filed...." 26 C.F.R. § 301.6402–3(a)(5). Because plaintiff's 2002 Tax Return showed plaintiff overpaid her 2002 income tax by $12,785.02, plaintiff's 2002 Tax Return also constitutes her claim for

credit for that amount and is considered filed on the date on which plaintiff's 2002 Tax Return was filed: October 30, 2006.

### 3. *Requirements of § 6511*

■ As stated, § 6511(a) sets forth the limitation on the amount of time in which a taxpayer can file a claim for refund or credit. It provides that in order to receive a refund or credit "of an overpayment of any tax imposed," the taxpayer must file any claim for refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever period expires later. 26 U.S.C. § 6511(a). Plaintiff cannot meet the two-year filing requirement because her 2002 taxes were deemed fully paid by April 15, 2003,[10] and her 2002 claim for credit was not filed until October 30, 2006. However, plaintiff has satisfied the three-year filing requirement: because plaintiff's 2002 Tax Return constituted her claim for credit, her claim for credit was filed within three years of—in fact, it was filed simultaneously with— her 2002 Tax Return. *See VanCanagan v. United States,* 231 F.3d 1349, 1351 (Fed.Cir. 2000) (holding timely a claim for refund in the form of a tax return for purposes of § 6511(a) because "it was filed within three years of (actually, on the same date as) the filing of the return"); *Musungayi v. United States,* 86 Fed.Cl. 121, 124 (2009) (noting that "a taxpayer who has filed such a tax return has satisfied the three-year filing requirement of section 6511(a)").

### 4. *Plaintiff's Claim is Time–Barred by § 6511*

■ When a taxpayer meets the three-year filing requirement of § 6511(a), however, § 6511(b) limits the recovery available to "the portion of the tax paid within the period, immediately preceding the filing of the claim,

10. Due to plaintiff's overpayment from the 2001 taxable year in the amount of $9,392.02, a subsequent payment of $10,000.00, and a liability of only $6,607.00, plaintiff's 2002 taxes were deemed fully paid by April 15, 2003. *See* 26 U.S.C. § 6513(a) (stating "payment of any portion of the tax made before the last day prescribed ... shall be considered made on such last day" determined without regard to any extension of time granted); 26 U.S.C. § 6513(b)(2)

(stating "[a]ny amount paid as estimated income tax ... shall be deemed ... paid on the last day prescribed for filing" determined without regard to any extension of time granted); and 26 U.S.C. § 6513(d) ("If any overpayment of income tax is ... claimed as credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding taxable year....").

equal to 3 years plus the period of any extension of time for filing the return." 26 U.S.C. § 6511(b)(2)(A) ("look-back period"). This means that plaintiff may only recover any payments made in respect of her 2002 income taxes between the date plaintiff filed her claim for refund, October 30, 2006, and the date on which the look-back period of three years plus the four-month extension she received ended, June 30, 2003. However, plaintiff has not alleged she has made any payments within the prescribed period. In fact, plaintiff's 2002 taxes were deemed fully paid by April 15, 2003, *see supra* n. 10, which is more than two months before the period of available recovery began. It follows that § 6511(b) bars plaintiff from obtaining any credits or offsets based on the overpayment of her 2002 taxes.

██ Although the Court is sympathetic to plaintiff's claim that she was "incapable of [filing a timely claim for credit] as she was not made aware of the missing return until after the expiration of this period," Pl.'s Resp. ¶ 15, the Court lacks authority to toll the statute of limitations for this reason. The Supreme Court has made clear that courts cannot toll, for nonstatutory equitable reasons, the statutory time limitations for filing tax refund claims set forth in § 6511 of the Internal Revenue Code. *United States v. Brockamp,* 519 U.S. 347, 348, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). Accordingly, plaintiff's claim must be dismissed for lack of subject matter jurisdiction. *See Dumont v. United States,* No. 09–5060, —— Fed.Appx. ——, 2009 WL 2400345 (Fed.Cir. Aug. 6, 2009) (noting that failure to satisfy statutory prerequisites for seeking a refund is properly the basis for a dismissal for lack of subject matter jurisdiction).

### CONCLUSION

For the reasons set forth above, the court **ORDERS** that plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction. The Clerk shall enter judgment

dismissing plaintiff's complaint without prejudice pursuant to RCFC 12(h)(3).

**IT IS SO ORDERED.**